# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARK A. WEISS,

    Petitioner,

v.         Case No. 21-CV-943

STATE OF WISCONSIN,

    Respondent.

## ORDER AND RECOMMENDATION ON THE PETITION FOR A WRIT OF HABEAS CORPUS

  Mark A. Weiss, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. Accompanying his petition was a motion to proceed without prepayment of the filing fee. Based on the information contained in his application, the court is satisfied that Weiss lacks the resources to pay the $5.00 filing fee, and therefore he will be permitted to proceed without prepayment of the filing fee.

  Next, the court must consider the sufficiency of his petition. Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must

dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

In his petition, Weiss challenges his conviction in Kenosha County Circuit Court Case Number 95-CF-178. This is the eighth habeas petition Weiss has filed in this court. However, his other petitions tend to relate to other convictions. The exception is the petition he filed in case number 17-CV-874, where he identified 95-CF-178 and three other cases as the underlying state cases he was challenging. *See* Case No. 17-CV-874, ECF No. 1. (E.D. Wis.). Weiss then filed an amended petition where he omitted any reference to 95-CF-178. *See* Case No. 17-CV-874, ECF No. 11. Thus, it does not appear that the petition is a second or successive petition. *See* 28 U.S.C. § 2244(b).

But there are fundamental problems with his petition. First, his petition appears untimely. A federal petition for a writ of habeas corpus must be filed within one year of the state judgment becoming final. Because Weiss's judgment predated the enactment of this one-year statute of limitations, he had until April 24, 1997 (one year from the enactment of the statute) in which to file his petition. *See Balsewicz v. Kingston*, 425 F.3d 1029, 1032 (7th Cir. 2005) (citing *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *Newell v. Hanks*, 283 F.3d 827, 832 (7th Cir. 2002)).

Time during which properly filed challenges to a conviction are pending in state court is then excluded from the one-year deadline. 28 U.S.C. § 2244(d)(2). A cursory review of the state court docket, *see* Kenosha Cnty. Cir. Ct. Case No. 95-CF-178,

available at https://wcca.wicourts.gov, reveals that this action is untimely. It is unnecessary to assess if any particular filing was "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim," *see* 28 U.S.C. § 2244(d)(2); it is sufficient to note that the state court docket reflects no activity between a letter submitted in 2004 and a letter submitted in 2013. The fact that Weiss asserts that he only recently read a Wisconsin statute and recognized his claim does not excuse his untimeliness. *See Hammerle v. Radtke*, No. 19-CV-1773, 2020 U.S. Dist. LEXIS 194921, at *7 (E.D. Wis. Oct. 21, 2020) (citing *Smith v. McKee*, 598 F.3d 374, 385 (7th Cir. 2010)).

Second, Weiss has not exhausted his state court remedies. He states that his motion was only recently denied in the circuit court. The issues presented in his petition have not yet been addressed by the Wisconsin Court of Appeals or the Wisconsin Supreme Court. A petitioner generally may proceed with a federal habeas petition only after the Wisconsin Court of Appeals and the Wisconsin Supreme Court have had a chance to review the issue. *See* 28 U.S.C. § 2254(b)(1)(A).

Third, although Weiss remains incarcerated, it does not appear that he is incarcerated as a result of the judgment he seeks to challenge in this petition. "[A] court does not have 'pendent' jurisdiction over non-cognizable habeas claims." *Virsnieks v. Smith*, 521 F.3d 707, 721 (7th Cir. 2008). The relief that he seeks is consistent with the understanding that he is not in custody. Weiss asks only that he be removed from the

sex offender registry. (ECF No. 1 at 15.) However, the requirement that a person register as a sex offender does not constitute "custody" for purposes of the federal habeas statute. *Virsnieks*, 521 F.3d at 719.

For all these reasons, the court will recommend that Weiss's petition be dismissed. It plainly appears from the petition that Weiss is not entitled to relief in the district court.

**IT IS THEREFORE ORDERED** that Weiss's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **granted**.

**IT IS FURTHER RECOMMENDED** that Weiss's petition for a writ of habeas corpus be **dismissed**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 24th day of August, 2021.

WILLIAM E. DUFFIN
U.S. Magistrate Judge