# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARK A. WEISS,

                    Petitioner,

v.                                                          Case No. 21-CV-943-JPS

STATE OF WISCONSIN,

                                                            **ORDER**

                    Respondent.

On August 24, 2021, Magistrate Judge William E. Duffin issued a recommendation to this Court that this action be dismissed. ECF No. 6. Magistrate Judge Duffin's recommendation was based on his finding that the petition was untimely, that Petitioner had failed to exhaust his state court remedies, and that the relief Petitioner seeks is unavailable as it does not appear that he is incarcerated as a result of the judgment he seeks to challenge in this petition. *Id.* at 2–4. The time for objecting to the recommendation has passed and no objection has been received. *See* Fed. R. Civ. P. 72; Gen. L.R. 72(c).

The Court has considered the recommendation and, in light of its agreement with Magistrate Judge Duffin's analysis and without objection from Petitioner, will adopt it.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree

that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). No reasonable jurists could debate whether Petitioner is entitled to relief. As a consequence, the Court is compelled to deny a certificate of appealability as to Petitioner's petition.

Accordingly,

**IT IS ORDERED** that Magistrate Judge William E. Duffin's report and recommendation, ECF No. 6, be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Petitioner's petition for a writ of habeas corpus, ECF No. 1, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 21st day of September, 2022.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id*. A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.